UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-21408-CIV-WILLIAMS

CMG CONDO FUND LLC,

    Plaintiff,

v.

SHAUN DONOVAN, SCRETARY OF THE
UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,
KENDALL LAKE TOWERS CONDOMINIUM
ASSOCIATION, INC., and UNIVERSAL
PROPERTY MANAGEMENT &
CONSULTANTS, INC.,

    Defendants.
_____/

**DEFENDANTS', KENDALL LAKE TOWERS CONDOMINIUM ASSOCIATION, INC., AND UNIVERSAL PROPERTY MANAGEMENT & CONSULTANTS, INC., MOTION TO SEVER AND REMAND COUNT II TO STATE COURT**

COME NOW Defendants, KENDALL LAKE TOWERS CONDOMINIUM ASSOCIATION, INC. (hereinafter referred to as the "Association"), and UNIVERSAL PROPERTY MANAGEMENT & CONSULTANTS, INC. (hereinafter referred to as "Universal"), by and through the undersigned counsel, and hereby files this Motion to Sever and Remand Count II to State Court and, as support thereof, states the following:

**INTRODUCTION**

On or about April 5, 2013, Plaintiff, CMG CONDO FUND, LLC (hereinafter referred to as "Plaintiff" or "CMG"), filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  On or about April 22, 2013, Defendant, SHAUN DONOVAN, SCRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND

URBAN DEVELOPMENT (hereinafter referred to as "Donovan"), filed its Notice of Removal to this Court.

CMG's Complaint has two counts: Count I for Breach of Contract-Specific Performance against Donovan only and Count II for Tortious Interference with Business Relationship against the Association and Universal. In Count I, CMG is seeking Donovan's specific performance of the contract for the sale of the property located at 15231 SW 80 Street, Unit 107, Miami, Florida 33193 (hereinafter referred to as the "Property"), located within the Association. In Count II, CMG is seeking a judgment against the Association and Universal enjoining them from taking any further action that interferes with CMG's alleged business relationship with Donovan and is seeking a judgment against the Association and Universal for the full amount of CMG's alleged actual, compensatory and consequential damages.

Donovan filed its Notice of Removal based on 28 U.S.C. § 1442(a)(1), wherein a civil action that is commenced in a State court and that is against or directed to the United States or any agency thereof or any officer of the United States, in an official or individual capacity, for or relating to any act under color of such office may be removed by them to the district court of the United States for the district and division embracing the place where the action is pending. The Association and Universal are seeking a severance and remand of Count II for the reasons set forth below.

<div style="text-align: center;">**ARGUMENT AS TO SEVERANCE AND REMAND OF COUNT II**</div>

Federal District Courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *Gully v. First Nat'l Bank of Meridian*, 299 U.S. 109, 112 (1936).

Upon removal of an action including a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the district court shall sever from the action those claims and shall remand the severed claims to the State court from which the action was removed. See 28 U.S.C. § 1441(c).  Furthermore, pursuant to 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

A district court has discretion to remand less than all of the claims in a removed case when the remanded claim(s) are (1) separate and independent; (2) joined with a federal question; (3) otherwise non- removable; and (4) a matter in which state law predominates. *Holtzman v. B/E Aero., Inc.*, 2007 U.S. Dist. LEXIS 84318 (S.D. Fla. 2007) (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996)).  Thus, the removal statute provides for remand when State law predominates in a removed action containing separate and independent removable and non-removable claims.

Congress enacted the federal officer removal statute, 28 U.S.C. § 1442(a)(1), to abrogate the well-pleaded complaint rule in certain cases against an officer of the United States or a person "acting under" a federal officer. *See Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999).

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Meyer v. Health Mgmt. Assocs.*, 841 F. Supp. 2d 1262, 1266 (S.D. Fla. 2012) (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. Fla. 2009)).  Federal subject matter jurisdiction exists if a claim arises under federal law, which is ordinarily determined by looking to whether a federal question appears on the face

of the well-pleaded complaint. See *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. Fla. 2009). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

Furthermore, "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case[.]" *Meyer v. Health Mgmt. Assocs.*, 841 F. Supp. 2d 1262, 1266 (S.D. Fla. 2012). Therefore, all doubts about jurisdiction should be resolved in favor of remand to state court. *Id.*

Finally, to determine whether the other claim, which is not related to Donovan, should be severed and remanded, this court must resolve whether it has supplemental jurisdiction over the remaining claim and, if so, whether the court should decline to exercise its supplemental jurisdiction. First, 28 U.S.C. § 1367(a) provides that the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action [over which the court has original or removal jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." Movant does not dispute that the claims against all the Defendants form part of the same case or controversy.

However, this Court may decline to exercise supplemental jurisdiction over a claim if (1) the claim over which the court has supplemental jurisdiction raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim over which the court has original or removal jurisdiction, (3) the court has dismissed all claims over which it has original or removal jurisdiction, or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Furthermore, after determining that one or more of these statutory factors would be satisfied, "the federal court should consider 'principles of

4

economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

In the instant matter, both claims are based on state law, and federal jurisdiction is invoked only because Donovan has asserted a federal defense. No other defendant has raised a federal defense, and, hence, there is no federal ingredient in Plaintiff's claims against the Association and Universal. In fact, the issue raised in Count I solely exists through its relationship to the issues raised in Count II, which are dominated by state law. Therefore, Count II substantially predominates over Count I and, as it is dominated by state law, Count II should be severed and remanded.

Additionally, severance of Plaintiff's claim against the Association and Universal also advances fundamental principles of fairness and comity. The federal officer removal statute permits removal of state law cases to federal court because the United States has a strong interest in having questions of federal law litigated in its own courts. However, states also have a strong interest in adjudicating issues of state law in their own courts. *See Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2330–31 (2010).

This case involves two separate counts, each against different defendants and each for different causes of action, none of which arise under the Constitution, laws or treaties of the United States. In addition, though Count I against Donovan may be properly removed to this Court based on 28 U.S.C. 1442(a)(1), this Court does not have any basis for subject matter jurisdiction as it relates to the claim for Tortious Interference with a Business Relationship in Count II against the Association and Universal. Count II, which substantially predominates, is a claim not within the original or supplemental jurisdiction of the district court and, thus, the


district court should sever it from the action and should remand Count II to the State Court from which the action was removed. See 28 U.S.C. § 1441(c). Also, for the above stated reasons, there are compelling reasons for declining jurisdiction.

WHEREFORE, Defendants, KENDALL LAKE TOWERS CONDOMINIUM ASSOCIATION, INC., and UNIVERSAL PROPERTY MANAGEMENT & CONSULTANTS, INC., respectfully request this Court to sever and remand Count II in the above styled action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, for further proceedings and award reasonable costs and attorney's fees associated with this Motion.

Dated: June 10, 2013
Miami, Florida

Respectfully Submitted,

**CUEVAS & ASSOCIATES, P.A.**
Counsel for Defendants, Kendall Lake Towers Condominium Association, Inc., and Universal Property Management & Consultants, Inc.
7480 SW 40th Street, Suite 600
Miami, FL  33155
Tel  (305) 461-9500
Fax  (305) 448-7300
Primary Email: acuevas@cuevaslaw.com
Email 2: jgarcia@cuevaslaw.com
Email 3: cmendoza@cuevaslaw.com


By:  /s/ Andrew Cuevas_____
Andrew Cuevas, Esq.
(acuevas@cuevaslaw.com)
Fla. Bar Number 992569

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on June 3, 2013, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served via e-mail to:

| | |
|---|---|
| Ross D. Kulberg<br>Moris & Associates<br>8700 W. Flagler Street, Suite 120<br>Miami, FL 33174<br>Telephone No: (305) 559-1600<br>Primary: service@anmpa.com | Carlos Raurell<br>United States Attorney's Office<br>99 NE 4th Avenue, Suite 300<br>Miami, Florida 33132<br>Telephone: (305) 961-9243<br>Primary: Carlos.Raurell@usdoj.gov |

              /s/ Andrew Cuevas_____
              Andrew Cuevas, Esq.
              (acuevas@cuevaslaw.com)
              Fla. Bar Number 992569