UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21408-CIV-WILLIAMS

CMG CONDO FUND LLC,

       Plaintiff,

v.

SHAUN DONOVAN, SECRETARY OF
THE UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT; KENDALL LAKE
TOWERS CONDOMINIUM
ASSOCIATION, INC; UNIVERSAL
PROPERTY MANAGEMENT &
CONSULTANTS, INC.; BANK OF
AMERICA, N.A.; OSLAINE CANO
MUNOZ;

       Defendants.

_____/

## AMENDED COMPLAINT

**COMES NOW,** Plaintiff, CMG CONDO FUND LLC (hereinafter referred to as

"CMG"), by and through its undersigned counsel, hereby files this Amended Complaint against

Defendants, SHAUN DONOVAN, SECRETARY OF THE U.S. DEPARTMENT OF

HOUSING AND URBAN DEVELOPMENT (hereinafter referred to as "HUD"), KENDALL

LAKE TOWERS CONDOMINIUM ASSOCIATION, INC. (hereinafter referred to as

"Association"); UNIVERSAL PROPERTY MANAGEMENT & CONSULTANTS, INC.

(hereinafter referred to as "UNIVERSAL"); BANK OF AMERICA, N.A. ("BOA"); and

OSLAINE CANO MUNOZ ("Oslaine Cano Munoz"), and in support thereof alleges as follows:

## GENERAL ALLEGATIONS

1.      This is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of attorney's fees, court costs and interest.

2.      CMG is a Florida Limited Liability Company with offices in Miami-Dade County, Florida, and otherwise sui juris.

3.      HUD is the U.S. Department of Housing and Urban Development with offices in Miami-Dade County, Florida, and otherwise sui juris.

4.      The Association is a Florida Not-for-Profit Corporation with offices in Miami-Dade County, Florida, and otherwise sui juris.

5.      UNIVERSAL, is a Florida For-Profit Corporation with offices in Miami-Dade County, Florida, and otherwise sui juris.

6.      BOA is a National Association with offices in Miami-Dade County, Florida, and otherwise sui juris.

7.      Oslaine Cano Munoz is a Miami-Dade County resident and otherwise sui juris.

8.      CMG has been required to retain as legal counsel the undersigned to pursue this action and has agreed to pay such legal counsel reasonable attorneys' fees for bringing this claim.

9.      All conditions precedent to the filing of this action have occurred, have been waived, or have been met.

## ALLEGATIONS COMMON TO ALL COUNTS

10.      On or about April 2, 2012, HUD executed a contract for the sale of property known as 15231 SW 80th Street, Unit 107, Miami, Florida 33193 (the "Property"), located within

the Association and subject to the Association's Declaration of Condominium (the "Declaration").

11.     The Declaration contains a provision, with limited exception, providing the Association with a Right of First Refusal on each and every contract for sale of an Association's Unit.  Pursuant to the Declaration, once there is an executed contract for sale of an Association's Unit, the Association can exercise its Right of First Refusal and can assign its right to purchase the unit to a third party purchaser.

12.     Subsequent to the execution of the April 2, 2012 contract with a third party, HUD requested the Association's approval of same.

13.     On May 21, 2012 the Association properly exercised its Right of First Refusal and assigned its right to execute the Contract for the purchase of the Property to CMG.  A copy of such Correspondence sent to HUD is attached hereto as Exhibit A of this Complaint.

14.     Thereafter, on or about January 18, 2013, both CMG and HUD executed a Contract for sale of the Property, which is identical to the original contract submitted to the Association. A copy of the contract is attached hereto as Exhibit B of this Complaint.

15.     In order to close on the subject Contract, HUD requested an updated estoppel letter from the Association.

16.     The Association, by and through UPM, then sent a letter stating that the Association was (again) exercising its Right of First Refusal even though the Association had full knowledge that the Right of First Refusal had already been exercised by the Association on this unit in May 2012.

17.     Due to the Association's actions HUD improperly cancelled the Contract.

18.     At the time of filing this litigation, Plaintiff filed a Notice of Lis Pendens and caused same to be recorded in the Public Records of Miami-Dade County, Florida.

19.     On or about April 29, 2013, during the pendency of this litigation, HUD transferred the Property to BOA via a quit claim deed. See Quit Claim Deed attached hereto as Exhibit D.

20.     On or about August 26, 2013, BOA, during the pendency of this litigation, BOA transferred the Property to Oslaine Cano Munoz, in disregard of Plaintiff's Lis Pendens. See Special Warranty Deed attached hereto as Exhibit E.

21.     HUD, BOA and Oslaine Cano Munoz had both actual and constructive notice of this pending litigation.

22.     Oslaine Cano Munoz has an interest in the instant litigation as the last know owner of the Property.

**COUNT I**
**Breach of Contract**
**(Against HUD only)**

23.     Plaintiff incorporates and re-alleges the allegations of Paragraphs 1 through 22 above.

24.     A valid Contract exists between CMG and HUD. Defendant HUD breached the Contract with CMG by failing and refusing to close on CMG's purchase of the Property.

25.     At all relevant times herein Plaintiff has been willing and able to close on the purchase of the Property.

26.     CMG cannot be adequately compensated by an award of damages.  The contract at issue is for the sale of Real Property and therefore is unique.

27.     CMG requests that the Contract breached by HUD be specifically enforced and requires HUD to Close on such property.

**WHEREFORE**, CMG respectfully requests this Court to enter a judgment against HUD for specific performance of the Contract breached by HUD, for an award of CMG's actual, compensatory and special damages against HUD, and any such other relief as this honorable Court deems just and proper.

**COUNT II**
**Tortious Interference with Business Relationship**
**(Against the Association and UPM only)**

28.     CMG incorporates and re-alleges the allegations of Paragraphs 1 through 17 above.

29.     CMG had and still has a business relationship with HUD for the purchase of the Property.

30.     Defendants, the Association and UPM, have knowledge of this relationship as HUD contacted the Association to request an estoppel letter in order to close with CMG.

31.     Defendants, the Association and UPM, unjustifiably and intentionally interfered with CMG's business by willfully volunteering false information to HUD and improperly attempting to exercise a Right of First Refusal with knowledge that such right had been previously exercised on the same unit.

32.     As a result of Defendants' actions CMG has suffered damages.

**WHEREFORE**, CMG respectfully requests this honorable Court to enter a judgment against Defendants, the Association and UPM, to: 1) Enjoin the Association and UPM from taking any further action that interferes with CMG business relationship; 2) Enter a judgment against the Association and UPM, jointly and severally, for the full amount of CMG's actual,

compensatory and consequential damages; and 3) any such other relief as this honorable Court deems just and proper.

## COUNT III
### Fraudulent Transfer
### (Against HUD, BOA, and Oslaine Cano Munoz)

33.    CMG incorporates and re-alleges the allegations of Paragraphs 1 through 22 above.

34.    Plaintiff is a creditor of HUD as it has an equitable claim against HUD for specific performance to close on the Contract for the Property.

35.    HUD intentionally hindered and delayed Plaintiff's action by fraudulently transferring the Property to BOA notwithstanding Plaintiff's Contract, this Lawsuit and a Lis Pendens recorded in the Public Record.

36.    Additionally, HUD intentionally hindered and delayed Plaintiff's lawsuit by filing a Motion to Dismiss Plaintiff's lawsuit as Moot following HUD's transfer of the Property to Bank of America.

37.    As a consequence of HUD's fraudulent transfer, Plaintiff has been damaged, hindered and delayed in its ability to seek specific performance.

38.    BOA intentionally hindered and delayed Plaintiff's action by either fraudulently covering up the Lis Pendens when transferring the Property to Oslaine Cano Munoz or by transferring the Property to Oslaine Cano Munoz notwithstanding the properly recorded Lis Pendens in an attempt to further escape liability under this lawsuit.

39.    Oslaine Cano Munoz accepted title to the Property subject to the properly recorded Lis Pendens.

40.    As a consequence of BOA's and Oslaine Cano Munoz' actions, Plaintiff has been

damaged, hindered, and delayed in its ability to seek specific performance.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order against Defendants HUD, BOA, and Oslaine Cano Munoz for the Fraudulent Transfer of the Property and: 1) voiding the transfer from HUD to BOA and from BOA to Oslaine Cano Munoz and requiring HUD to sell the Property to Plaintiff pursuant to the terms of the Contract; 2) in the alternative, requiring Munoz to sell the Property to Plaintiff pursuant to the terms of the Contract, 3) for damages; 4) for attorneys' fees and costs; and 5) any further relief as this Court deems just and proper.

**COUNT IV**
**Declaratory Judgment**
**(in the alternative to Count I, as against HUD only)**

41.    CMG incorporates and re-alleges the allegations of Paragraphs 1 through 22 above.

42.    This Count is in the alternative to Count I.

43.    A valid case or controversy exists sufficient for this Court to declare the rights and remedies of the parties in that HUD has already attempted to deprive Plaintiff of its ability to close on the Contract and will persist in doing so if this Court avoids the improper transfers to BOA and Munoz.

44.    Plaintiff has the requisite standing to request this action in that it has a Contract with HUD to close on the Property, has a filed a Notice of Lis Pendens prior to the subsequent transfers by HUD and BOA, and is entitled to close on this specific real property pursuant to the Contract.

45.     This controversy is ripe for determination at this time because HUD has refused and will continue to refuse to close on the Contract and has instead attempted to delay and hinder Plaintiff's right to do so.

WHEREFORE, Plaintiff respectfully requests a Declaratory Judgment wherein this Court declares that Plaintiff was entitled to close on the Contract and HUD was under a contractual obligation to close, and any further relief as this Court deems just and proper.

## COUNT V
## Specific Performance
## (as against Oslaine Cano Munoz only)

46.     CMG incorporates and re-alleges the allegations of Paragraphs 1 through 22 above.

47.     Plaintiff has a validly recorded Lis Pendens in the public record.

48.     Plaintiff was entitled to purchase the subject Property pursuant to its valid Contract with HUD.

49.     Oslaine Cano Munoz acquired title to the Property subject to Plaintiff's Lis Pendens.

50.     Plaintiff is entitled to close on the subject Property with Oslaine Cano Munoz substituted in as the Seller.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a Judgment for Specific Performance against Oslaine Cano Munoz and require Oslaine Cano Munoz to sell the Property to Plaintiff pursuant to its Contract with HUD, and any further relief as this Court deems just and proper.

Respectfully submitted,

/s/Ross D. Kulberg
ROSS D. KULBERG
FBN: 44398
GIACOMO BOSSA
FBN: 97817
service@anmpa.com
**MORIS & ASSOCIATES**
8700 W. Flagler Street, Suite 120
Miami, Florida 33174
Telephone No: (305) 559-1600
Facsimile No: (305) 229-2272
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2014, I filed the foregoing document with the Clerk

of Court, using the CM/ECF system.

/s/Ross D. Kulberg